UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants | |
| Not Present | | Not Present | |

**Proceedings:** **(In Chambers:)** DEFENDANTS' MOTION TO DISMISS (dkt. 10, filed January 10, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 10, 2014, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Kevin Dupree, proceeding pro se, filed this action on June 20, 2013 against defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), First Option Mortgage ("First Option"), Fremont Investment and Loan ("Fremont"), Bank of America ("BOA"), Merrill Lynch, Inc. ("Merrill Lynch"), Wilshire Credit Corporation ("Wilshire"), Southstar II, LLC ("Southstar"), Merrill Lynch Mortgage Lending Inc. ("MLML"), and Does 1 through 10. Plaintiff alleges that he entered into a mortgage agreement to purchase a property at 1110 Aprilia Avenue, Compton, California 90221 ("the property"). Compl. ¶¶ 2-3. To purchase this property, plaintiff borrowed $345,150 at an interest rate of 11.5%. Id. ¶ 34. Defendant MLMS subsequently foreclosed on the house in 2008. Id. ¶ 37. Plaintiff's complaint asserts claims for (1) quiet title; (2) violation of Cal. Civ. Code § 1920; (3) violation of Cal. Civ. Code § 2923.5; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; (5) violation of Cal. Civ. Code § 1573; (6) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (7) breach of fiduciary duty; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) breach of contract; (11) wrongful foreclosure; (12) tortious breach of the implied covenant of good faith and fair dealing; (13) fraud; (14) violation of Cal. Bus. & Prof. Code § 17200

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

et seq.; (15) wrongful eviction; (16) violation of the "Making Home Affordable Act of 2009"; (17) violation of the Homeowner's Bill of Rights, Cal. Civ. Code §§ 2923 et seq. and 2924 et seq.; (18) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; (19) injunctive relief, and (20) an accounting.

On January 10, 2014, defendants BOA, Merrill Lynch, MLML, and MERS filed a motion to dismiss. Dkt. 10. Plaintiff has not filed an opposition. After considering defendants' arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The Court begins with plaintiff's fourth, sixth, sixteenth, and eighteenth claims, which arise under federal law.

### A. Claim under RESPA

Plaintiff asserts a claim under RESPA. Compl. ¶¶ 91-94. To protect borrowers, RESPA "requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower." Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1097 (E.D. Cal. 2009). Here, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

relies upon section 8(a) of RESPA, see compl. ¶ 93, which provides that: "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607. Claims under § 2607, however, are subject to a one year statute of limitations. Id. § 2614. Plaintiff has not pled any facts that would justify equitably tolling the limitations period. See Kay v. Wells Fargo & Co., 247 F.R.D. 572, 578 (N.D. Cal. 2007) (explaining that "[e]quitable tolling may be applied if a plaintiff was unable to obtain vital information regarding the existence of a claim despite due diligence"). Accordingly, plaintiff's claim under RESPA, which appears to arise out of conduct pre-dating the 2008 foreclosure, is time-barred.

### B. Claim under the FDCPA

Plaintiff asserts a claim under the FDCPA. Compl. ¶¶ 101-105. Plaintiff appears to allege that defendants tried to improperly collect on her debt by attempting to foreclose on the property. Id. ¶ 104. Plaintiff's claim fails, however, "because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA." Landayan v. Wash. Mut. Bank, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009). "[F]oreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. Accordingly, any actions taken ... in pursuit of the actual foreclosure may not be challenged as FDCPA violations." Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

### C. Claim for violation of the "Making Home Affordable Act of 2009"

Plaintiff asserts a claim for violation of the "Making Home Affordable Act of 2009." In asserting this claim, plaintiff appears to be referencing the Treasury Department's Making Home Affordable program, which offers mortgage modifications under the Home Affordable Modification Program ("HAMP"). See Corvello v. Wells Fargo Bank, NA, 728 F.3d 878, 880-82 (9th Cir. 2013) (explaining HAMP). Here, plaintiff's complaint does not allege that he sought a mortgage modification under HAMP or any other mortgage modification program. Moreover, HAMP was launched subsequent to the foreclosure and sale of plaintiff's property. Accordingly, the Court concludes that this claim fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

**D. Claim under RICO**

Plaintiff asserts a claim under RICO.  To state a claim for a violation of RICO under 18 U.S.C. § 1962, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Dysart v. BankTrust, 516 Fed. App'x. 861, 863 (11th Cir. 2013).  It appears that the gravamen of plaintiff's complaint sounds in fraud because of allegations regarding false representations made by defendants.  See compl. ¶ 150.  Therefore, to the extent that plaintiff intends to assert a RICO claim based on the conduct alleged in the complaint, she must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  See, e.g., Patel v. U.S. Bank, N.A., 2013 WL 3770836, at *7–8 (N.D. Cal. July 16, 2013). Plaintiff has not done so here because he fails to set forth "specific allegations regarding the roles of the various defendants in the preparation and dissemination of the fraudulent representations," such as the "time, place, and nature" of the alleged fraud.  Hokama v. E.F. Hutton & Co., Inc., 566 F. Supp. 636, 646 (C.D. Cal.1983).  Accordingly, the Court concludes that plaintiff's claim under RICO fails.

**IV.   CONCLUSION**

For the reasons discussed above, the Court finds that plaintiff's claims arising under federal law should all be dismissed.  Accordingly, the Court lacks subject matter jurisdiction based on a federal question.  Similarly, the Court lacks subject matter jurisdiction over the remaining state law claims based on diversity, as both plaintiff and several of defendants are citizens of California.  See compl. ¶¶ 1, 4, 5-6, 11.  Because this Court may lack jurisdiction over these remaining state law claims, the Court declines to address these claims at this time.  See 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over a claim if the court has "dismissed all claims over which it has original jurisdiction").

Accordingly, the Court GRANTS defendants' motion to dismiss as to plaintiff's claims under federal law.  The Court RESERV ES JUDGMENT on defendants' motion as to plaintiff's state law claims.  Plaintiff shall have leave to file an amended complaint no later than **March 3, 2014**, to plead additional factual details and to correct the deficiencies identified herein.  Failure to do so may result in dismissal of this action with prejudice.  Plaintiff is advised that any amended complaint must comply with Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | February 5, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

Civ. P. 8(a), which provides that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |