UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | September 24, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants

Not Present                         Not Present

**Proceedings:**   **(In Chambers:)** PLAINTIFF'S MOTION TO SET ASIDE ORDER DISMISSING PLAINTIFF's COMPLAINT

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 29, 2014 is vacated, and the matter is hereby taken under submission.

I.   INTRODUCTION AND BACKGROUND

Plaintiff Kevin Dupree, proceeding pro se, filed this action on June 20, 2013 against defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), First Option Mortgage ("First Option"), Fremont Investment and Loan ("Fremont"), Bank of America ("BOA"), Merrill Lynch, Inc. ("Merrill Lynch"), Wilshire Credit Corporation ("Wilshire"), Southstar II, LLC ("Southstar"), Merrill Lynch Mortgage Lending Inc. ("MLML"), and Does 1 through 10. Plaintiff alleges that he entered into a mortgage agreement to purchase a property at 1110 Aprilia Avenue, Compton, California 90221 ("the property"). Compl. ¶¶ 2-3. To purchase this property, plaintiff borrowed $345,150 at an interest rate of 11.5%. Id. ¶ 34. Defendant MLMS subsequently foreclosed on the house in 2008. Id. ¶ 37. Plaintiff's complaint asserted claims for (1) quiet title; (2) violation of Cal. Civ. Code § 1920; (3) violation of Cal. Civ. Code § 2923.5; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; (5) violation of Cal. Civ. Code § 1573; (6) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (7) breach of fiduciary duty; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) breach of contract; (11) wrongful foreclosure; (12) tortious breach of the implied covenant of good faith and fair dealing; (13) fraud; (14) violation of Cal. Bus. & Prof. Code § 17200 et seq.; (15) wrongful eviction; (16) violation of the "Making Home Affordable Act of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL         'O'

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | September 24, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

2009"; (17) violation of the Homeowner's Bill of Rights, Cal. Civ. Code §§ 2923 et seq. and 2924 et seq.; (18) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; (19) injunctive relief, and (20) an accounting. On September 16, 2013, this Court granted a stipulation by the parties to stay proceedings ninety days for the purposes of settlement negotiations. Dkt. #9.

The stay did not lead to a settlement, and on January 10, 2014, defendants BOA, Merrill Lynch, MLML, and MERS filed a motion to dismiss. Dkt. #10. Plaintiff did not file an opposition. On February 5, 2014, the Court granted defendants' motion to dismiss as to plaintiff's claims under federal law.[1] Dkt. #15. Because the Court dismissed all federal claims, and plaintiff and several defendants were California citizens at the time of filing, the Court determined that it likely lacked subject matter jurisdiction over the remaining state law claims. Id. at 5. The Court therefore reserved judgment on defendants' motion to dismiss as to plaintiff's state law claims, and gave plaintiff leave to amend by March 3, 2014. Id.; see 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over a claim if the court has "dismissed all claims over which it has original jurisdiction"). The Court granted plaintiff leave to file an amended complaint by March 3, 2014, and warned that failure to do so could result in dismissal with prejudice. Dkt. #15. Plaintiff never filed an amended complaint. On April 7, 2014, the Court dismissed the action with prejudice for plaintiff's failure to file an amended complaint and comply with the Local Rules, Federal Rules of Civil Procedure, and prior orders of this Court. Dkt. #16.

On August 6, 2014, plaintiff filed a "Motion to Set Aside Order Dismissing Plaintiff's Complaint." Dkt. #18. On August 18, 2014, defendants filed an opposition. Dkt. #19. After considering the parties' arguments, the Court finds and concludes s follows.

---

[1] Specifically, the Court found (1) that plaintiff's claim under RESPA was barred by the applicable one-year statute of limitations; (2) that plaintiff's claim under the FDCPA failed to allege an "attempt to collect a debt for purposes of the FDCPA"); (3) that plaintiff had not alleged that he sought a mortgage modification under the Home Affordable Modification Program; and (4) that plaintiff had not met the heightened pleading standard applicable to a RICO claim sounding in fraud. See Dkt. #15 at 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | September 24, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

## II.  LEGAL STANDARD

    The Court construes the motion as requesting relief from the two aforementioned orders of dismissal pursuant to Fed. R. Civ. P. 60(b), subsections (1) and (3).  Subsection (1) authorizes a district court ro relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  <u>Bateman v. U.S. Postal Serv.</u>, 231 F.3d 1220, 1223-24 (9th Cir. 2000).  Subsection (3) authorizes relief in the case of "fraud . . . misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  To merit relief, the movant "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  <u>De Saracho v. Custom Food Machinery, Inc.</u>, 206 F.3d 874, 880 (9th Cir. 2000).

## III.  DISCUSSION

    Plaintiff argues that defendants' counsel failed to comply with the meet-and-confer requirements of Local Rule 7-3 before filing their motion to dismiss.[2]  Defendants respond that they informed plaintiff that they intended to file the motion to dismiss, as shown by e-mails submitted by plaintiff.  <u>See</u> Mot. Ex. A.  Plaintiff does not contest having received notice that defendants intended to file the motion to dismiss, or of the Court's order dismissing his complaint and granting him leave to amend.

    Plaintiff also asserts that defendants made no good faith efforts to settle the case during the stipulated stay.  Plaintiff alleges that defendants' counsel went on vacation and made excuses as to why she could not approach her client with settlement offers,

---

    [2]Plaintiff also objects that defendants' counsel insultingly referred to him as "it" in the motion to dismiss in the following sentence: "In addition, counsel for Defendants informed Plaintiff of the filing of this motion, but it did not obviate the need for this motion."  Mot. Dismiss at 3.  The Court reads this pronoun as referring to defendants' notification that it intended to file the motion to dismiss, and not to plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04473-CAS(RZx) | Date | September 24, 2014 |
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

principally that she needed an itemized accounting of the equipment plaintiff claims to have lost as a result of the wrongful eviction. Plaintiff contends that he was unable to obtain this information because records were locked in the foreclosed property after his eviction, and because his job required him to work in remote areas without internet or telephone connections. Moreover, plaintiff argues that he gave defendants a non-itemized estimation of his damages and good reasons why he could not provide an itemization. Plaintiff also asserts that he attempted to provide defendants' counsel with some of the requested information, but was rebuffed by a security guard at defendants' counsel's law firm. Defendants argue that they did engage in good faith efforts to reach a settlement, and point to e-mails showing that defendants made at least one settlement offer and communicated with both plaintiff and his uncle, Niles Degrate, about the claimed damages. See Mot. Exs. A-C. All of plaintiff's allegations regarding the allegedly bad faith settlement efforts appear to predate both orders of dismissal.

     Finally, plaintiff argues that any neglect on his part was excusable because he was notified in January 2014 that defendants' motion to dismiss "had been dismissed." Plaintiff refers to a "Notice to Filer (Defendants) of Deficiency, in Electronically Filed Documents Re: Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint filed 1/1/2014." Dkt. #12. This notice indicated that defendants had failed to attach to the motion to dismiss a Certification of Interested Parties and Proposed Order, as required by Local Rules 7.1-1 and 52-4.1. Id. The notice indicated that "the Court may (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate." Id. The notice indicated that "You"–defendant in this case–"need not take any action in response to this notice unless and until the Court directs you to do so." Id. This notice did not constitute a rejection of the motion to dismiss, nor did the Court subsequently order the motion stricken for the technical violations of the Local Rules. Plaintiff asserts that he "waited for further direction or notice and service from the court" and that his next notice from the Court was "complete dismissal of Plaintiff's complete case." Plaintiff does not allege, however, that he never received notice of the February 5, 2014 order dismissing his case without prejudice and granting him leave to amend.

     Applying the factors laid out in Bateman, the Court finds that plaintiff has not presented grounds for relief based on excusable neglect. Withdrawing the Court's orders of dismissal would significantly prejudice defendants, since the Court determined nine months ago that plaintiff's federal claims lacked substantive merit. More importantly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL      'O'

| Case No. | 2:13-cv-04473-CAS(RZx) | Date | September 24, 2014 |
|---|---|---|---|
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

plaintiff has not presented any reasons for his failure to amend his complaint in the two months between the Court's dismissal without prejudice and the Court's dismissal with prejudice. Nor has plaintiff given any reason for his four-month delay in bringing this motion for relief.

The Court also finds that defendant has not presented any evidence that defendants obtained either judgment through fraud, let alone "clear and convincing evidence." De Saracho, 206 F.3d at 880. Even if plaintiff had presented any evidence of fraud, because he makes no allegations relating to the time period between February 5, 2014 and April 7, 2014, plaintiff could not show that any of defendants' conduct unfairly prevented him from amending his complaint.

Therefore, the Court finds no cause to set aside its February 5, 2014 finding that plaintiff's federal claims should be dismissed, or to reconsider its April 7, 2014 order to the extent that it dismissed plaintiff's federal claims with prejudice for failure to amend. However, to the extent that this Court's order of April 7, 2014 dismissed with prejudice plaintiff's claims based on state law, the Court erred. Because the Court had determined that it lacked subject matter jurisdiction over the remaining state law claims, and because the Court declined to exercise supplemental jurisdiction in granting defendants' motion to dismiss, it was inappropriate to dismiss with prejudice that portion of the action over which the Court had never exercised jurisdiction.[3]

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to set aside the Court's previous orders is DENIED insofar as it pertains to dismissal with prejudice of plaintiff's claims based on federal law. The Court AMENDS its April 7, 2014 order, Dkt. #16, to

---

[3] Plaintiff asserts arguments based on–and requests judicial notice of a document relating to–Bank of America's involvement in the recent mortgage foreclosure crisis. The Court does not find these arguments relevant to plaintiff's motion, and declines to take judicial notice of the proffered consent decree.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-04473-CAS(RZx) | Date | September 24, 2014 |
| Title | KEVIN DUPREE V. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC ET AL. | | |

decline to exercise supplemental jurisdiction over plaintiff's claims based on state law, and to dismiss those claims without prejudice.

IT IS SO ORDERED.

|  |  |  | 00 | : | 00 |
|---|---|---|---|---|---|
|  |  | Initials of Preparer |  | CMJ |  |